# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HONESTO, aka Pedro Honesto,<br><br>Plaintiff,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Case No. 1:17-cv-00467-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS FOR UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AGAINST DEFENDANTS SCHWARZENEGGER, HARTLEY, AND ADAMS, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NO. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I.   BACKGROUND

Peter Honesto, also known as Pedro Honesto ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act. Plaintiff filed the complaint commencing this action on January 12, 2015. (ECF No. 1). The case was filed in the Sacramento Division of the United States District Court for the Eastern District of California.

On March 1, 2017, Magistrate Judge Allison Claire issued findings and recommendations, recommending that Plaintiff's complaint be dismissed for failure to state a claim, with leave to amend as to certain claims. (ECF No. 11). The findings and recommendations were adopted in full. (ECF No. 14). On March 29, 2017, Plaintiff filed his

First Amended Complaint. (ECF No. 15). On April 3, 2017, the case was transferred to the Fresno Division of the United States District Court for the Eastern District of California. (ECF No. 16). Plaintiff's First Amended Complaint is now before this Court for screening.

For the reasons described below, the Court recommends allowing this case to proceed on Plaintiff's claims for unconstitutional conditions of confinement against defendants Schwarzenegger, Hartley, and Adams. The Court also recommends dismissing all other claims and defendants. Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of these findings and recommendations.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 11), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d

677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff was incarcerated at Avenal State Prison ("Avenal") at the time of the incidents alleged in the complaint. Plaintiff brings this action against the State of California, the California Department of Corrections and Rehabilitation ("CDCR"), Governor Arnold Schwarzenegger, James Hartley (the Warden of Avenal), and Warden D.G. Adams (the Warden of Corcoran Substance Abuse Treatment Facility).

Plaintiff has a compromised immune system and pulmonary tuberculosis infection.

On September 2, 2008, defendant Adams transferred Plaintiff to Avenal, a coccidioidomycosis ("Valley Fever") endemic area.

On that same day, defendant Hartley housed Plaintiff at Avenal. Defendant Schwarzenegger authorized Avenal to house Plaintiff in a Valley Fever endemic area. Defendants Hartley and Schwarzenegger failed to protect Plaintiff by failing to screen Plaintiff for Valley Fever, and failing to implement Valley Fever prevention measures. The practice of screening for Valley Fever occurred for several years while Plaintiff was at Avenal. The failure to screen put Plaintiff at an increased risk of harm while participating in prison activities because of Plaintiff's compromised immune system.

Defendants CDCR and State of California also did not have a policy, practice, or procedure of Valley Fever Screenings when they housed Plaintiff at Avenal, a service and benefit given to inmates who are not Americans with disabilities. Providing this screening could have protected Plaintiff from being exposed to an increased risk of serious harm when participating in prison activities.

Plaintiff was "inflicted with discrimination" when defendants Schwarzenegger, Hartley, State of California, and CDCR failed to implement a policy, practice, or procedure to

accommodate Plaintiff, an American with a disability (a compromised immune system), to participate in prison activities without breathing cocci spores. There were also no modifications to avoid discrimination on the basis of Plaintiff's disability.

Defendants knew that Avenal was a Valley Fever endemic area because prison staff were suffering from Valley Fever long before Plaintiff was housed at Avenal. Additionally, Defendants had been warned that people with compromised immune systems and pulmonary conditions are at an increased risk for a Valley Fever infection at Avenal.

After September 2, 2008, while Plaintiff was at Avenal, defendants State of California, CDCR, Hartley, and Schwarzenegger ordered prison officials to stop watering the grass because of the drought in California, despite the recommendation from Health Services Investigation and Center for Disease Control. This placed all inmates at risk for a Valley Fever infection that defendants Hartley and Schwarzenegger knew existed (Defendant Hartley knew the risk existed because many inmates were infected, Plaintiff's building officers were ill from the disease, and one officer died from it).

Plaintiff was admitted to Coalinga Medical Center for treatment for a Valley Fever infection on September 20, 2010. Plaintiff suffered from swollen legs, joint and muscle aches, extreme pain, and rashes. Blood tests and x-rays confirmed that Plaintiff was suffering from a Valley Fever infection.

Defendants CDCR, State of California, Hartley, and Schwarzenegger denied Plaintiff the benefit of participating in activities when he was stuck in bed due to the Valley Fever infection. Plaintiff was improperly excluded from participating in activities such as going to church, the law library, laundry, canteen, and physical fitness activities.

Plaintiff did not know what Valley Fever was or that he had been unconstitutionally inflicted with Valley Fever until February 26, 2014, when medical records showed that Plaintiff was transferred to Chino State Prison because of a Valley Fever infection.

Approximately forty pages of exhibits are attached to the complaint.

\\\

\\\

## IV. EVALUATION OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### B. Eleventh Amendment Immunity

Plaintiff brings claims against the State of California and the CDCR.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir.

1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity).

California is a state, and is thus entitled to Eleventh Amendment immunity from suit. The CDCR is a state agency, and thus is also entitled to immunity from suit in federal court. Therefore, Plaintiff has failed to state a claim against defendants State of California and CDCR.

### C. **Evaluation of Plaintiff's Claim for Unconstitutional Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

7

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." Id. (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (exposure to asbestos). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).[1]

The Court finds that Plaintiff has sufficiently alleged a claim based on unconstitutional conditions of confinement against defendants Schwarzenegger, Hartley, and Adams. Plaintiff alleges that these defendants knew of Plaintiff's increased susceptibility to Valley Fever, and yet defendant Adams transferred Plaintiff to a Valley Fever endemic area, and defendants Schwarzenegger and Hartley housed him there. Moreover, defendants Schwarzenegger and Hartley failed to implement procedures to reduce the risk of Valley Fever, and in fact stopped one of the procedures that was designed to reduce the risk (watering).

### D. Evaluation of Plaintiff's ADA Claim

Title II of the Americans with Disabilities Act ("ADA") provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

---

[1] As Judge Claire noted, the law regarding Valley Fever conditions of confinement claims is unsettled. (ECF No. 11, pgs. 13-14).

42 U.S.C. § 12132.

To establish a violation of Title II of the ADA, "a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (alteration omitted) (quoting § 12132). The Supreme Court has held that "[s]tate prisons fall squarely within the statutory definition of 'public entity'…." Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (quoting § 12131(1)(B)).

Plaintiff bears the burden of proving he is disabled under the Act. Bates v. United Parcel Serv., 511 F.3d 974, 990 (9th Cir. 2007). The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1)(A)-(C)).

To determine whether an impairment substantially limits an individual, a court considers "the nature, severity, duration, and impact of the impairment." Fraser v. Goodale, 342 F.3d 1032, 1038 (9th Cir. 2003). Whether a plaintiff "has a disability covered by the ADA is an individualized inquiry." Bragdon v. Abbott, 524 U.S. 624, 657 (1998).

Although 42 U.S.C. § 12132 does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). The duty to provide "reasonable accommodations" or "reasonable modifications" for disabled people under Title II of the ADA arises only when a policy, practice or procedure discriminates on the basis of disability. Weinreich, 114 F.3d at 978-979. A plaintiff bears the burden of establishing "the existence of

specific reasonable accommodations that [Defendants] failed to provide." Memmer v. Marin Cty. Courts, 169 F.3d 630, 633 (9th Cir. 1999)

"Reasonable accommodation does not require an organization to make fundamental or substantial alterations to its programs." Mark H. v. Hamamoto, 620 F.3d 1090, 1098 (9th Cir. 2010). "Reasonableness 'depends on the individual circumstances of each case, and requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to [enjoy meaningful access to the program.]'" Id. (alteration in original) (quoting Vinson v. Thomas, 288 F.3d 1145, 1154 (9th Cir. 2002). "An accommodation is reasonable if it is 'reasonable on its face, *i.e.*, ordinarily or in the run of cases.'" Id. (quoting U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402 (2002)).

Compensatory damages are not available under Title II of the ADA absent a showing of discriminatory intent. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). Deliberate indifference requires: (1) "knowledge that a harm to a federally protected right is substantially likely," and (2) "a failure to act upon that likelihood." Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable, and necessary accommodation that the entity has failed to provide, and notifies the public entity of the need for accommodation "(or where the need for accommodation is obvious, or required by statute or regulation)." Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. Punitive damages may not be awarded in suits brought under Title II of the ADA. Barnes v. Gorman, 536 U.S.181, 189 (2002).

Plaintiff alleges that is disabled because of his compromised immune system and pulmonary tuberculosis infection. Plaintiff also appears to allege that his Valley Fever infection rose to the level of a qualifying disability.

However, Plaintiff does not allege that he requested an accommodation. Moreover, Plaintiff fails to allege that his compromised immune system and pulmonary tuberculosis

infection substantially limits one or more of his major life activities. Finally, even assuming that Plaintiff's Valley Fever infection constituted a disability (and it is not at all clear that it does), Plaintiff fails to allege the existence of specific reasonable accommodations that defendants Schwarzenegger, Hartley, or Adams failed to provide.

Accordingly, Plaintiff has failed to state a cognizable claim under the ADA.

### E. Evaluation of Plaintiff's Equal Protection Claim

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"[T]he disabled do not constitute a suspect class" for equal protection purposes. Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996).

Plaintiff alleges that he, an inmate with a disability, was not screened for Valley Fever, while inmates without disabilities were screened. However, Plaintiff's conclusory allegation is not enough to state a claim. Plaintiff fails to allege any facts from which an inference could be drawn that defendants Schwarzenegger, Hartley, or Adams did not screen Plaintiff for Valley Fever because of Plaintiff's alleged disability. Accordingly, Plaintiff has failed to state a cognizable equal protection claim.

\\\

## V. CONCLUSION AND RECOMMENDATIONS

The Court has screened the First Amended Complaint, and finds that it states cognizable claims for unconstitutional conditions of confinement against defendants Schwarzenegger, Hartley, and Adams. The Court also finds that Plaintiff has failed to state any other cognizable claims.

The Court does not recommend granting further leave to amend. Plaintiff filed his First Amended Complaint after being provided with ample legal guidance by Judge Claire.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims for unconstitutional conditions of confinement against defendants Schwarzenegger, Hartley, and Adams; and
2. All other claims and defendants be dismissed.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**

/s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE